UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAEVON TERRELL PARKER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-cv-731-SEP |
| APPLE INC., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Plaintiff Raevon Terrell Parker for leave to proceed *in forma pauperis* in this civil action.  Upon consideration of the motion and the financial information provided therein, the Court concludes that Plaintiff is unable to pay the filing fee.  The motion will therefore be granted.  Additionally, for the reasons discussed below, the Court will dismiss the complaint.

**Legal Standard on Initial Review**

According to 28 U.S.C. § 1915(e)(2), this Court is required to review a complaint filed *in forma pauperis* and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*  While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if it finds the allegations are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(citing *Neitzke,* 490 U.S. 319).  Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

## The Complaint

Plaintiff filed the complaint on June 1, 2020, against Apple Inc.  He invokes this Court's jurisdiction on the basis of diversity of citizenship.  In support, he avers that he is a Missouri citizen, Apple Inc. is a California citizen, and the amount in controversy "deals with revenue in the amount of trillion dollar status."  Plaintiff also appears to invoke this Court's federal question jurisdiction, as in the relevant section of the complaint form he writes:  "Amendment V: personal property was taken for public use and the plaintiff has not been compensated."

In setting forth his claim and prayer for relief, Plaintiff writes:

On October 29, 2018 Raevon Parker went to the Apple Store in the Saint Louis Galleria for a malfunction of his cellular device. The attendant in the Apple Store fixed the device but kept it by deceiving the Plaintiff knowing that it was the first phone to have new features.

The damages that the plaintiff is seeking is a trillion dollars. Due to hospitalizations, travel, distress, humiliation, embarrassment, defamation of character, I don't think that the plaintiff can be compensated for being labeled crazy.

Attached to the complaint are descriptions of features of Apple operating systems.  Also attached are documents from an adjudicated civil action that plaintiff filed in Missouri state court against "Apple Saint Louis Galleria," styled *Parker v. Apple Saint Louis Galleria,* No. 18SL-CC03653 (21st Jud. Cir. 2018).  Review of the attached documents, along with independent review of the publicly available Missouri state court records in that case, shows the following: Plaintiff claimed, *inter alia*, to have aided in the creation of Apple software.  In a document dated March 28, 2019, a copy of which Plaintiff attached to the instant complaint, he sought damages in the amount of "$1 trillion USD" to compensate him for "iPhone 7," "$1 trillion

USD" to compensate him for "iOS 12," and "$ priceless-USD" to compensate him for "Raevon Terrell Parker's mentality," for a total of "$2 priceless trillion USD." He claimed an additional $900 for "rental machinery or equipment" identified as "iPhone 7," for a grand total of "$2 trillion and $900 USD and a priceless item." On May 24, 2019, the case was dismissed upon the Court granting the defendant's motion to dismiss for failure to state a claim upon which relief may be granted.

On the same day Plaintiff filed the instant complaint, he filed a document titled "Report on the Filing or Determination of an Action Regarding a Patent or Trademark." In the document, Plaintiff avers he holds a patent on "iOS 12.0.1 and later." On July 16, 2020, Plaintiff filed a motion asking this Court to grant him a default judgment in the amount of "$1.011 trillion dollars." He suggested that Apple Inc. had been served with process and provided a "Certificate of Service for Pro Se Documents" to show he had mailed to Apple Inc. screen shots regarding various software. On July 21, 2020, Apple Inc. filed a motion asking this Court to set a deadline to respond to the complaint, noting that while it had not been served with process in accordance with Federal Rules of Civil Procedure 4, it had become aware of this lawsuit through a report. On July 23, 2020, Plaintiff filed a motion asking this Court to accept copies of an email exchange between himself and a third party as proof of service, and on July 29, 2020, he filed a copy of a summons, a request for waiver of service, and additional copies of documents from the above-referenced state court action.

## Discussion

The Court has serious reservations about whether this case involves a dispute or controversy properly within its jurisdiction. While Plaintiff invokes jurisdiction on the basis of diversity of citizenship, his assertion of the amount in controversy is implausible. Plaintiff

3

provides no adequate foundation for his belief that his damages are properly measured at "a trillion dollars," or that they are even sufficient to meet the jurisdictional threshold. Additionally, the complaint contains no non-conclusory allegations permitting the conclusion that Plaintiff's claims arise under federal law, as necessary to invoke jurisdiction under 28 U.S.C. § 1331. Having noted its reservations, the Court will presume, for the sole purpose of conducting the required review of the complaint, that subject matter jurisdiction is present.

Having thoroughly reviewed and liberally construed the complaint, the Court concludes that it does not contain sufficient facts to state a plausible claim for relief against Apple Inc. Plaintiff pleads no facts regarding how Apple Inc. put his property to "public use," and he pleads no facts regarding the nature of the alleged device malfunction or why he believes he is entitled to relief because of it. He pleads no facts explaining why he believes his device "was the first phone to have new features" or how that is relevant to any potential cause of action. He pleads no facts in support of his assertion that he holds a patent to Apple software; neither does he provide documentation that he has actually been issued such a patent. While Plaintiff asserts that a store attendant committed theft, he alleges nothing to ground an inference that Apple Inc. is liable for such theft. Plaintiff also fails to allege facts regarding the "hospitalizations, travel, distress, humiliation, embarrassment, defamation of character" for which he seeks to hold Apple Inc. responsible. Finally, as noted above, he provides no plausible basis for his asserted entitlement to "a trillion dollars" in damages.

While this Court must liberally construe *pro se* filings, this Court may not construct a legal theory for Plaintiff or assume facts he has not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded). Accordingly, the Court concludes

that the complaint is subject to dismissal because it fails to state a claim upon which relief may be granted.  The Court also concludes that the complaint is subject to dismissal because it is frivolous, as Plaintiff's statement of his claim and prayer for "a trillion dollars" in damages are "clearly baseless" under the standard set forth in *Neitzke* and *Denton.*

The Court will also deny Plaintiff's motion for default judgment and his motion seeking leave to submit emails as proof of service.  The motions are moot, inasmuch as this case is being dismissed at this time.  The motions are also meritless.  As noted above, because Plaintiff filed this action *in forma pauperis*, the complaint was subject to pre-service review.  Accordingly, Apple Inc. was not required to respond to the complaint.  Additionally, the Court notes that Plaintiff's averments and filings would not establish that Apple Inc. was served in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Finally, the Court will deny as moot Apple Inc.'s Motion to Set Deadline to Respond to Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motions seeking default judgment (Doc. [4]) and leave to submit email and attachment (Doc. [7]) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Apple Inc.'s Motion to Set Deadline to Respond to Complaint (Doc. [6]) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

5

Dated this 30th day of July, 2020.

    _____
    SARAH E. PITLYK
    UNITED STATES DISTRICT JUDGE